The Honorable Pat Pappas State Representative 2901 Willow Pine Bluff, Arkansas 71603
Dear Representative Pappas:
This is in response to your request for an opinion on whether an attorney who is a member of a city civil service commission for the fire and police departments, and accordingly has access to the personnel files of members of the city police force, may represent criminal defendants.
In my opinion, the answer to your question is generally "yes," subject to the provisions of any local ordinance that may apply. As discussed below, however, it would be prudent for the commissioner to decline to represent a defendant in a proceeding in which a city police officer has played or is expected to play any significant role.
In examining the law applicable to city civil service commissions for fire and police departments, I find no provision flatly prohibiting a commissioner who is also a lawyer from engaging in a criminal defense practice. See A.C.A. §§ 14-51-101 et seq. (1987 and Cum. Supp. 1993), and, in particular, A.C.A. § 14-51-202 (Cum. Supp. 1993). Subject to the terms of any applicable local ordinance, therefore, the commissioner may represent criminal defendants.
The commissioner should consider on a case-by-case basis, however, several provisions of law, discussed below, both in her role as a commissioner and in her role as an attorney.
With respect to the individual's role as a commissioner, A.C.A. §21-8-304 sets forth certain ethical standards for public officials and state employees. It is my opinion that a member of a city civil service commission for the fire and police departments is a "public official" within the meaning of that term as used in A.C.A. § 21-8-304. See Op. Att'y Gen. 94-283 (stating the opinion that a city council member is a "public official") and A.C.A. § 21-8-305 (Cum. Supp. 1993) (specifying civil service commission members as persons required to file certain financial disclosures under A.C.A. title 21, chapter 8, subchapter 3, the subchapter in which A.C.A. § 21-8-304 appears).
Subsections (b) and (c) of A.C.A. § 21-8-304 are particularly relevant here and provide:
 (b) No public official or state employee shall accept employment or engage in any public or professional activity while serving as a public official which he might reasonably expect would require or induce him to disclose any information acquired by him by reason of his official position which is declared by law or regulation to be confidential.
 (c) No public official or state employee shall disclose any such information gained by reason of his position, nor shall he otherwise use such information for his personal gain or benefit.
It is not difficult to construct a hypothetical set of facts under which the commissioner might be tempted, due to her duty of loyalty to her client, to disclose, or to use without disclosing, information from a police officer's personnel file to assist in the client's defense. In my view, a lawyer's obtaining a favorable result for her client could well constitute "personal benefit or gain" to the lawyer, albeit indirect, in the form of a heightened reputation for professional competence.
In my opinion, a public official holds her office as a public trust for the common good, and has a duty to perform her official duties in good faith and with honesty and integrity. The Supreme Court of Arkansas has held that "[i]t is, of course, elementary that a public officer occupies a fiduciary position, and that in disbursing public funds he must be as free from selfish interest, direct or indirect, as any other trustee."State, ex rel. Attorney General v. Broadway, 192 Ark. 634, 643,93 S.W.2d 1248 (1936). In my view, the same freedom from selfish interest, and the appearance of freedom from selfish interest, must accompany all of the official's acts, not just the disbursing of public funds.
With respect to the individual's role as an attorney, several of the Model Rules of Professional Conduct regulating the conduct of attorneys could be relevant in particular instances under the facts at issue. Rule 1.7, the general rule on conflicts of interest, provides in relevant part that a lawyer shall not, without the consent of the third person, represent a client if the representation "may be materially limited by the lawyer's responsibilities . . . to a third person. . . ." Rule 1.11(b) states in part that "a lawyer having information that . . . is confidential government information about a person acquired when the lawyer was a public officer . . . may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person." Rule 4.4 states that "a lawyer shall not . . . use methods of obtaining evidence that violate the legal rights of [a non-client]." And Rule 8.4(e) provides that it is professional misconduct for a lawyer to "state or imply an ability to influence improperly a government . . . official. . . ."
Any or all of the foregoing provisions of law could be implicated or, more likely, there could arise a perception that one or more of the foregoing might be violated, any time the commissioner represented a criminal defendant in a proceeding in which a city police officer had any significant involvement. Lawyers must avoid the appearance of impropriety as well as actual impropriety. First American Carriers, Inc. v. KrogerCo., 302 Ark. 86, 787 S.W.2d 669 (1990).
The citations and discussion above focus mostly on the possible perception by police officers and other members of the public that the commissioner might use confidential information from an officer's personnel file in the defense of an accused. It is important that the commissioner avoid actions that could lead to such perceptions. It is also important, in my view, that the commissioner recognize that a police officer participating in a proceeding involving the commissioner's client might conclude, notwithstanding the lack of any reasonable basis for such a conclusion, that the officer's chances for promotion or other favorable action from the civil service commission, or conversely the privacy of matters in the officer's personnel file, could depend in part upon the content of the officer's testimony in the proceeding. Also, an accused could conclude, even in the absence of any indication to that effect by the commissioner, that the commissioner has leverage over police officers that might be employed in the defense.
In summary, while there is no blanket prohibition against the representation of criminal defendants binding upon a city civil service commissioner who is an attorney, the individual's dual roles inevitably will, in cases significantly involving city police officers, give rise to the potential for abuse and appearance of impropriety. Whether the commissioner's representation of a defendant in any particular case is proper and permissible is a determination that must be made on a case-by-case basis in light of all of the attendant circumstances. In my view, however, prudence dictates that the commissioner should decline to represent a criminal defendant in any proceeding in which a city police officer is expected to participate to any significant extent.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh